W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,

v.

VENANGO DIAGNOSTIC AND TRAINING CENTER, INC., Defendant.

Civ. A. No. 76–81 Erie.

United States District Court, W. D. Pennsylvania.

Nov. 3, 1976.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., Marshall H. Harris, Regional Sol., U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Edward W. Goebel, Jr., MacDonald, Illig, Jones & Britton, Erie, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., which seeks permanent injunctive relief against further violations of the provisions of the Act regulating minimum wages, and the mandatory rehiring or reinstatement of any employees found to be discharged under the Act. The prayer for injunctive relief on the minimum wage claim includes a prayer for restraint of withholding of any minimum wage compensation due to present or former employees.

The defendant has filed its answer and made a demand for jury trial which the plaintiff resists. The defendant clarifies its demand by the statement in its brief that it concedes the question of reinstatement of employees allegedly discharged in violation of § 15(a)(3) of the Act to be an equitable issue which should not be tried by a jury.

However, the defendant claims that the relief for alleged withholding of any past due minimum wages is a legal issue for which it is entitled to a trial by jury because the plaintiff is aware and should have been aware at the time of the filing of the within lawsuit that the defendant was then in good faith compliance with the provisions of the Act which would make the question of injunctive relief on the minimum pay issue moot.

■ The Act provides for two separate kinds of actions to be brought by the Secretary on behalf of employees injured by its violation. § 16(c) as amended in 1974 permits the Secretary to bring an action for back pay without the consent of any employee. The rights of defendants sued under § 16(b) of the Act by employees for back wages, or under § 16(c) by the Secretary on behalf of employees to a trial by jury have been consistently recognized, *Sullivan v. Wirtz,* 359 F.2d 426 [5th Cir. 1966].

■ On the other hand when action is generally equitable in nature, the overwhelming authority is that neither the Seventh Amendment nor any federal jurisdictional statute grants the defendant the right to trial by jury. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 [1974]. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 [1966].

■ We cannot at this time determine whether the action is primarily equitable or an action for monetary damages. This matter will become clear when the case is called for pretrial conference and the parties have filed their pretrial statements required under the local rules of this court. Under our practice the pretrial statements clarify and develop the issues which remain for trial and eliminate those issues which are no longer in controversy between the parties. If, as defendant alleges, there is no further need for equitable relief in the cause of action for minimum pay, then the action may be treated as one solely under § 16(c) of the Act and a jury trial be held on that issue. On the other hand if the minimum wage question remains one primarily requiring equitable relief in the nature of injunction and restitution, it will be tried by the court. Whatever treatment is given the minimum wage issue the court will still retain its equity jurisdiction over the question of reinstatement of employees allegedly discharged in violation of the Act. The court sees no difficulty in segregating the jury and non-jury issues at trial.

Therefore, the court will hold defendant's demand for jury trial on the back pay issue, and the plaintiff's motion to strike under advisement, until the time of the pretrial conference to be held in this case at which time the actual nature of the cause of action being pursued will be determined in accordance with the posture of the case which is ready for trial.

SO ORDERED this 3rd day of November, 1976.