Ray MARSHALL, Secretary of Labor,
United States Department of
Labor, Plaintiff,

v.

HANIOTI HOTEL CORPORATION;
Hanioti Properties, Inc., and Lee D.
Arms, Individually, Defendants.

Civ.A. No. 79–1939.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 11, 1980.

Carin Ann Clauss, Sol. of Labor, Bobbye D. Spears, Regional Sol., James H. Woodson, Bobbye D. Spears, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Leon L. Rice, III, Walter O. Lambeth, Robert H. Buckler, Elarbee, Clark & Paul, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

The Secretary of Labor brought this action against Hanioti Hotel Corporation and the other defendants for violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201–219. Now pending before the court is the Secretary's motion to amend the complaint. Fed.R.Civ.P. 15(a). The Secretary seeks to add an additional basis for this court's jurisdiction and allege that jurisdiction is founded on Section 16 of the FLSA, 29 U.S.C. § 216(c), and 28 U.S.C. § 1345. The Secretary seeks to add the allegation that defendants' viola-

tions of the Act were willful. The court heard oral argument from the parties on these issues and will now consider these amendments separately.

## JURISDICTIONAL ALLEGATIONS

The sole issue posed by the plaintiff's motion to amend the jurisdictional allegations is whether the Secretary's attempt to try all issues to the court in a suit for liquidated damages under Section 16(c) of the Act and for injunctive relief, including restitution of back wages,[1] under Section 17 of the Act denies the employer his right to a jury trial protected by Section 16(c) and the Seventh Amendment.

In order to understand how the issue of the employer's right to a jury trial arises in this litigation, it is necessary to refer to the court's order of February 27, 1980. In the original complaint, the Secretary alleged that this court's jurisdiction was based on Section 17 of the FLSA.[2] In the prayer for relief, the Secretary asked the court to enjoin defendants from violating the reporting provisions of FLSA, and from continuing to withhold minimum wages and overtime compensation due employees under the FLSA and to grant "such other and further relief as may be necessary and appropriate including an additional equal amount as liquidated damages in accordance with § 16(c) of the Act [29 U.S.C. 216(c)]."

The defendants in their answer to the original complaint demanded a jury trial, and the Secretary filed a motion to strike that demand. When defendants responded to the motion to strike the jury demand, they asked the court either to grant a jury trial or to strike plaintiff's demand for liquidated damages.

In the order of February 27, the court ruled that the Secretary had brought the complaint under Section 17 of the Act, that Section 17 actions are equitable in nature

---

1. Throughout the order, the court at times refers to unpaid overtime compensation and minimum wages as "back pay" or "back wages."

2. Section 17 of the Act, entitled "Injunction Proceedings," states in pertinent part, "The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of

[FLSA], including in the case of violations of [the maximum hour/minimum wage provisions] the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter." 29 U.S.C. § 217 (1975).

and that the employer had no right to a jury trial, even though he must pay money if enjoined from continuing to withhold wages due under the FLSA, citing *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965).

The court also stated that while it would not strike any part of the Secretary's prayer for relief, it would also not consider an award of liquidated damages in the case. The court noted that the Secretary can recover liquidated damages in actions brought under Section 16(c) of the Act and that Section 16(c) actions are legal in nature.[3] The employer has a right to a jury trial on the issue of back wages in Section 16(c) actions although Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, provides that the issue of liquidated damages is tried to the court. The court stated in its order that there was no authority for the court to award liquidated damages in a suit brought under Section 17 but that such authority existed under Section 16(c) and the Secretary could seek leave to amend the complaint.[4]

Evidently in response to this suggestion from the court, the Secretary has now moved to amend the complaint and allege that this court's jurisdiction is based on Section 16 of the Act. But the Secretary still argues that the employer is not entitled to a jury trial on any issue. The employer has opposed the motion on the ground that the Secretary misinterpreted the court's earlier order.

The Secretary's proposed complaint is entitled, "Amended Complaint (Injunctive Relief Sought)." The amended complaint states that "plaintiff brings this action to enjoin defendants from violating [the FLSA] . . . and to restrain said defendants from withholding payment of back wages due employees under the Act, pursuant to Section 17 of the Act and further to award an equal additional amount as liquidated damages pursuant to Section 16(c) of the Act." The Secretary alleges that jurisdiction of the injunctive action is conferred by Section 17 of the Act and that jurisdiction to award an additional equal amount in liquidated damages is conferred by Section 16(c) of the Act. Since the issue of liquidated damages in a suit brought under Section 16(c) is triable to the court, and since a suit brought under Section 17 is a suit in equity and triable to the court, *Wirtz v. Jones, supra,* the Secretary argues that the amendment to the complaint should be allowed and that all issues are triable solely to the court.

The FLSA establishes three separate statutory causes of action: (1) under Section 16(b), 29 U.S.C. § 216(b), an employee may sue his employer for unpaid overtime compensation, unpaid minimum wages, and an additional equal amount in liquidated damages; (2) under Section 16(c) the Secretary may sue on behalf of an employee or employees to recover unpaid overtime, unpaid minimum wages, and an additional equal amount as liquidated damages; and (3) under Section 17 the Secretary may seek to enjoin violations of the FLSA and to restrain the withholding of payment of minimum wages and overtime compensation which are due employees under the Act.

*Wirtz v. Jones,* 340 F.2d 901, 905 (5th Cir. 1965), is the leading case on the right to a jury trial in a Section 17 suit. That case holds that an action brought pursuant to Section 17 is equitable in nature and that no right to a jury trial exists, even though

---

**3.** Section 16(c) states in pertinent part, "The Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." 29 U.S.C. § 216(c) (1965 & Supp. 1979).

**4.** The complete footnote stated, "A second alternative which the court considered was treating that part of the case seeking back wages as a Section 16(c) suit. In that event, liquidated damages are authorized by the statute, and defendants would be entitled to a jury trial on some issues. A careful reading of the complaint revealed, however, that the Secretary has framed the case totally as a suit for injunctive relief. Liquidated damages are simply not authorized as part of injunctive relief. The Secretary can, of course, seek leave to amend the complaint. Fed.R.Civ.P. 15(a)." Order of Feb. 27, 1980, p. 3, n.2.

an employer must make payments of wages if the court enjoins the employer from continuing to withhold wages that the FLSA requires to be paid. The court reasoned that restitution is an equitable remedy, and no right to a jury trial exists in an equity action.

Actions brought under Section 16(c) by the Secretary or under Section 16(b) by an employee have been consistently recognized as analogous to actions at law. A party in those actions has the right to a jury trial. *Lewis v. Times Publishing Co.*, 185 F.2d 457 (5th Cir. 1950); 5 Moore's Federal Practice ¶ 38.27, p. 213–14. Section 11 of the Portal-to-Portal Act provides, however, that the issue of liquidated damages is triable to the court.[5] *McClanahan v. Matthews*, 440 F.2d 320 (6th Cir. 1971).

Both Sections 16(c) and 17 afford the Secretary a means of recovering unpaid minimum wages and overtime compensation for employees. In addition to recovery of back wages, Section 16(c) offers the possibility of recovery of liquidated damages while Section 17 authorizes the court to award full injunctive relief. If the Secretary can split his two causes of action and couple Section 17 back wages with Section 16(c) liquidated damages, then the practical effect is to deny the defendants a jury trial on back wages which they would have if the Secretary were forced to proceed solely under Section 16(c) for both back wages and liquidated damages.

An examination of the legislative history of the FLSA supports the conclusion that Congress has never authorized the Secretary to seek liquidated damages in a Section 17 suit. The court finds that it would be contrary to the congressional intent for the Secretary to have the option of splitting his causes of action so as to deny the employer a jury trial on back wages where liquidated damages are also sought.

When the FLSA was originally adopted in 1938, Fair Labor Standards Act of 1938, ch. 676, 52 Stat. 1060 *et seq.*, Section 16(b) permitted an employee to sue his employer for unpaid minimum wages, overtime compensation and an additional equal amount in liquidated damages. Section 17 of the original act provided that the Secretary of Labor could file suit and that "the district courts . . . . shall have jurisdiction, for cause shown, to restrain violations of § 15." The original act contained nothing comparable to the current Section 16(c); the Secretary was not authorized to bring legal actions to recover back wages for employees.

Section 17 was interpreted as a grant of equitable jurisdiction. The circuit courts of appeal divided on the question whether the district courts had the equitable power to order an employer to make reparation or restitution of unpaid minimum wages or unpaid overtime compensation. The Second Circuit appeared to have carried the field in favor of equitable power to restrain wrongful withholding of unpaid minimum wages and overtime compensation. *McComb v. Frank Scerbo & Sons*, 177 F.2d 137, 139 (2d Cir. 1949).

Immediately after this decision and expressly to overrule it, 1949 U.S. Code Cong. Serv. pp. 2241, 2273, Congress amended Section 17 to provide that "no court shall have jurisdiction in any action brought by the Secretary of Labor to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages in such action." Fair Labor Standards Amendments of 1949, Pub.L. No. 81–393, § 15, 63 Stat. 919. Thus in a suit for injunctive relief which would be tried without a jury, the court could not award back wages or liquidated damages.

---

5. That section provides, "In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believ-

ing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in Section 216 of this title." 29 U.S.C. § 260 (1975).

However, in the same bill which amended Section 17, Congress adopted Section 16(c) which authorized the Secretary to bring a legal cause of action for back wages. The Secretary could sue for back wages only after written request from an employee, the case would be tried to a jury, and no liquidated damages were authorized. The original Section 16(c) also contained the proviso that the Secretary could not use this power in any case involving an unsettled issue of law. *Id.*, § 14. The conference report makes it clear that the limitation on the court's jurisdiction to award back wages under Section 17 was enacted in exchange for the creation of the legal cause of action in the Secretary. "This proviso has been inserted in Section 17 of the act in view of the provision of the conference agreement contained in Section 16(c) of the act which authorizes the Administrator in certain cases to bring suits for damages for unpaid minimum wages and overtime compensation owing to employees at the written request of such employees." 1949 U.S. Code Cong. Service, *supra*, at 2273.

In 1961, the power of district courts in suits brought by the Secretary under Section 17 for injunctive relief to award back pay was expressly restored. Fair Labor Standards Amendments of 1961, Pub.L. No. 87–30, § 12(b), 75 Stat. 65. The amendment provided that district courts are authorized to restrain violations including the "withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this [chapter]." Section 17 has not been amended since 1961.

Thus, in 1949 although no court had held that Section 17 permitted a district court to award liquidated damages, Congress expressly prohibited the courts in Section 17 injunctive relief suits from awarding liquidated damages, unpaid minimum wages and unpaid overtime compensation. The legal cause of action for the Secretary was created in exchange for this restriction. When the 1961 amendment to Section 17 was passed, the Secretary was expressly authorized in injunction suits to seek the restraint of the wrongful withholding of un-paid minimum wages and overtime compensation; no authority to seek liquidated damages was granted.

As the situation stood after 1961, the Secretary could sue for unpaid minimum wages and overtime compensation in an action at law under Section 16(c) or as an incident to equitable relief under Section 17. Neither section authorized the Secretary to sue for liquidated damages.

Congress in 1974 authorized the Secretary for the first time to recover liquidated damages. Congress amended Section 16(c), which authorizes actions at law, not Section 17, which authorizes equitable actions. Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, § 26, 88 Stat. 55. The court interprets the congressional decision to amend Section 16(c) to authorize liquidated damages, and its failure to amend Section 17, to mean that Congress intended for the issue of liquidated damages to be annexed solely to the Section 16(c) action at law, in which the employer has a constitutionally protected right to a jury trial. To permit the Secretary in this case to seek liquidated damages under Section 16(c) as an incident to a Section 17 equitable action tried without a jury would fly in the face of the congressional intent evident in the 1974 amendments.

In Section 16(c) cases, the amount of damages awarded by the jury is the ceiling for the liquidated damage award by the court. Although the court may award less in liquidated damages than the jury awarded in back wages, the court can award no more in liquidated damages than the jury awarded. 29 U.S.C. § 260. Since the court would decide both back wages and liquidated damages under the Secretary's amended complaint, the employer would lose the benefit of the congressional decision to use the jury's award as a ceiling on liquidated damages.

Moreover, the liquidated damage award limitation found in 29 U.S.C. § 260 is related specifically to Section 16 and not to Section 17. 29 U.S.C. § 260 provides that the court may "award no liquidated dam-

ages or award any amount thereof not to exceed the amount specified in Section 216 of this title." This provision originally referred only to Section 216(b), which authorizes employees' suits, since liquidated damages were permitted in those suits. When Congress amended Section 16(c) to permit the Secretary to recover liquidated damages, it amended 29 U.S.C. § 260 to refer to Section 16 as the ceiling for liquidated damages since subsections (b) and (c) of that section both authorize liquidated damages. Amendments of 1974, Pub.L. No. 93–259, § 6(d)(2)(B), 88 Stat. 62. If the Secretary's amendment to the complaint were allowed, the ceiling on liquidated damages could come only from the Section 17 restitution award, but 29 U.S.C. § 260 does not authorize use of this amount.

The Secretary has argued that the court is attempting to force the Secretary to ground the complaint solely on Section 16(c) or solely on Section 17. Such a choice, the Secretary contends, deprives the Secretary of either the possible recovery of liquidated damages for the employees or of broad injunctive relief. The court disagrees. The court indicated in its footnote in the original order that the Secretary could bring a complaint under both Sections 16(c) and 17 for legal and equitable relief. Since the merger of law and equity, such a combined cause of action is possible. As *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), indicate, the legal issues would be put to the jury first with the court's decision on equitable issues to be guided by the jury's award. Thus, the jury could award back wages under Section 16(c), the court would determine liquidated damages under 29 U.S.C. § 260, and the court could award any further injunctive relief under Section 17.[6]

At oral argument, counsel for the Secretary of Labor argued that the Secretary finds jury trials time-consuming and the amended complaint merely seeks to try the case in the most expeditious way. However, once Congress has fit statutorily created causes of action to constitutional safeguards, the Secretary is not free to disregard the result in order to achieve expeditious trials.

The Secretary has also argued that *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945), authorizes the splitting of liquidated damages from a back pay award. Based on this case, the Secretary argues that he can separate the Section 16(c) liquidated damages provision and couple it with a Section 17 suit in equity.

*O'Neill* involved a suit under Section 16(b) brought by an employee for liquidated damages. The employer/bank discharged its night watchman and two years later offered the watchman $423.16 in return for a release of his rights under the FLSA. The watchman signed the release and took the check. Under Section 16(b) of the FLSA, the bank owed the watchman $423 in overtime and an additional equal amount in liquidated damages. The court held that the employee could maintain a suit solely for liquidated damages. The court reasoned that an employee could not waive his right to the basic minimum wage since such a waiver "would nullify the purposes of the Act." *Id.* at 707, 65 S.Ct. at 902. The court then held that for similar reasons, an employee cannot waive his right to liquidated damages since the Act is designed to protect employees, who are in an unequal bargaining position with their employer, from such a waiver of rights. In this context, the watchman who had accepted the $423 check was permitted to sue for liquidated damages. (The issue of the acceptability of bona fide settlements was not presented.)

■ The court finds that *O'Neill* does not authorize the Secretary to couple Sections 16(c) and 17 so as to deny the employer the right to a jury trial. First, when *O'Neill* was decided in 1945, the Portal-to-Portal

---

6. The court indicated in its footnote in the earlier order that the Secretary could seek this kind of amendment: joinder of causes of action under Sections 16(c) and 17 so that all Section 16(c) back pay issues would be tried to a jury. The Secretary has not sought this amendment.

Act had not been passed [7] so issues of back pay and liquidated damages in suits brought by employees were tried to a jury. Thus the decision does not purport to determine who is the proper trier of fact—judge or jury.

Second, the employer in *O'Neill* had attempted to manipulate the employee to deprive him of statutorily conferred benefits. In this context, the Supreme Court permitted the employee to sue solely for liquidated damages. This court is confronted instead with the Secretary's attempt to manipulate statutorily created causes of action to deprive employers of constitutionally protected rights. Moreover, *O'Neill* involved the interpretation of Section 16(b) which is the sole authorization for an employer to sue for back wages; the Secretary may sue under Section 16(c) and 17, and *O'Neill* does not purport to decide how those sections should be read together.

█ Since the Secretary's attempted amendments are designed to permit the Secretary to seek liquidated damages under Section 16(c) without a jury trial of the back pay award, which the court finds to be impermissible, it is not in the interest of justice for the Secretary to be granted leave to amend the jurisdictional allegations of the complaint. In connection with this amendment, the Secretary also sought to add a list of employees entitled to liquidated damages. Since the Secretary cannot seek liquidated damages in the suit as it now stands, this amendment will not be allowed.

*WILLFULNESS ALLEGATION*

█ The Secretary also seeks to amend the complaint to allege that the defendants' violations of the FLSA were willful. Under the applicable statute of limitations, 29 U.S.C. § 255, the limitation period is two years, except for willful violations of the Act when it is three years. The original complaint failed to allege willfulness although it plainly stated that the Secretary sought back wages for the three-year peri-

od prior to the commencement of the action. The defendants have opposed this amendment.

The court finds that the original complaint apprised the defendants that a back pay award for three years was sought; the additional allegation of "willfulness" conforms to the original complaint and will not prejudice the defendants. This amendment is allowed.

The plaintiff's motion to amend the complaint is GRANTED IN PART and DENIED IN PART.

So ORDERED.

---

**7.** The Act was passed in 1947. Pub.L. No. 80–49, 61 Stat. 84.