**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MORSE OPERATIONS, INC. d/b/a Ed Morse Chevrolet, Defendant.**

**No. 79–6710–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

May 26, 1981.

Larry A. Auerbach, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Joseph I. Davis, Miami, Fla., Robert W. Ashmore, Fisher & Phillips, Atlanta, Ga., for defendant.

## ORDER

GONZALEZ, District Judge.

This is a Fair Labor Standards Act case. It is before the Court upon the Plaintiff Secretary of Labor's Motion to Strike Defendant's Demand for Trial by Jury as to certain pending issues. The Defendant opposes the motion and alternatively moves to Strike plaintiff's prayer for liquidated damages.

This complaint is brought by the Secretary of Labor charging defendant with violating the 1938 Fair Labor Standards Act as amended and seeking, inter alia, injunctive and other relief pursuant to 29 U.S.C. § 217.[1] Defendant allegedly withheld overtime compensation and failed to keep accurate records of daily and total employee weekly hours worked in contravention of 29 U.S.C. §§ 207, 215(a)(2), 211(c), 215(a)(5), and regulations at 29 C.F.R. § 516.

Plaintiff's prayer for relief seeks an injunction pursuant to Section 217 (inclusive of back pay for overtime compensation) as well as "such other and further relief as may be necessary and appropriate including an additional equal amount as liquidated damages in accordance with § 16(c) of the Act [29 U.S.C. § 216(c)][2] and costs of this action."

Plaintiff maintains that since the action seeks primarily equitable relief, with back pay and liquidated damages as only ancillary remedies under the statute, defendant is not entitled to a trial by jury. Plaintiff further argues that it may seek liquidated damages under Section 216(c) without a jury trial since the maximum damages which could be awarded thereunder are identical to the award left to the court's discretion under Section 217 where it has been held trial by jury is not available.

The Secretary of Labor's position is not well taken. Section 217, as amended in 1961, restored the court's ability to award back pay as restitution in the exercise of its general equitable powers thereby affording prospective plaintiffs complete relief in one action. This is consistent with well established principles holding that a court of equity, having once acquired jurisdiction, will grant full relief to the parties, including an award of damages.[3]

---

1. 29 U.S.C. § 217 states in pertinent part that: The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 15 [29 USCS § 215], including in the case of violations of section 15(a)(2) [29 USCS § 215(a)(2)] the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act [29 USCS §§ 201–216, 217–219, 557].

2. 29 U.S.C. § 216(c) states in pertinent part that, "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation *and an equal amount as liquidated damages.*" (emphasis supplied)

3. *Albermarle Paper Company v. Moody*, 422 U.S. 405, 416–17, 95 S.Ct. 2362, 2371, 45 L.Ed.2d 280 (1975); *Walters v. Marathon Oil Co.*, 642 F.2d 1098, 1100 (7th Cir. 1981); *Minnis v. Intern. U., United Auto., Aerospace, etc.*, 531 F.2d 850, 852 (8th Cir. 1975); *Youngs Drug Products Corp. v. Dean Rubber Mfg. Co.*, 362 F.2d 129, 134–35 (7th Cir. 1966) (Equity court may award punitive damages in order to furnish full relief.); *Rota v. Brotherhood of Railway, Airline & S. S. Clerks*, 64 F.R.D. 699, 704 (N.D.Ill.1974) (Damages can be sought in equi-

Section 216 likewise affords multiple remedies, however, it is distinguishable on the issue of jury trial. Section 216 provides for an award for back pay compensation as does Section 217. Section 216, however, also contains a provision for liquidated damages not available under Section 217.

Under Section 216 trial by jury may be had on the issue of back pay.[4] The court may then award an additional equal amount as liquidated damages. The jury determination fixes the maximum amount of liquidated damages which may be awarded by the court in the exercise of the discretion vested in it by Section 260 of the act. Although the court is not required to accept the back pay award returned by the jury, it is prohibited by the language of Section 260 from making an award of liquidated damages in excess thereof.

The Fifth Circuit in *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965) in discussing the distinctions between Sections 216 and 217, held that under Section 216 trial by jury is available since such actions for back pay are analogous to actions at law, e. g. debt and assumpsit. Section 217 cases were found to be analogous to actions in equity and hence there was no right to jury trial. This is true, notwithstanding the fact that the two sections contain provisions for overlapping relief.

The amount of liquidated damages available under Section 216 is to be awarded by the court in its discretion pursuant to 29 U.S.C. § 260, the Portal-to-Portal Act. Section 260 prescribes that the amount of liquidated damages awarded by the Court may not exceed the amount specified in Section 216 of this title. No limitation being expressed as to an award under Section 217, it follows that the two sections are exclusive and autonomous.

Legislative enactments will not be given interpretations which conflict with recognized constitutional rights, e. g. trial by jury, absent clear statutory language indicating an intentional, legislative mandate to achieve that objective. The legislation at issue preserves the right to trial by jury as to Section 216 unpaid back pay liability, and the maximum amount of liquidated damages.

This Court cannot expand its traditionally limited equitable powers and made an award of liquidated damages without regard to the jury's determination. Such a procedure would serve to tangle the web of legal/equitable distinctions carefully woven by Congress in its attempt to preserve the Seventh Amendment guarantee of the right to trial by jury.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1) That Plaintiff-Secretary of Labor's Motion to Strike Defendant's Demand for Trial by Jury be, and the same is hereby GRANTED in part and DENIED in part as follows:

a. That the Motion to Strike is DENIED as concerns the issue of back pay liability under 29 U.S.C. §§ 216(c), and on this issue trial by jury will be had.

b. That the Motion to Strike is GRANTED as to the issues presented under 29 U.S.C. § 217, they not being properly triable before a jury.

2) That Defendant's alternative Motion to Strike Plaintiff's prayer for liquidated damages pursuant to 29 U.S.C. § 216(c) be, and the same is hereby DENIED AS MOOT.

---

ty actions under the theory of equity ancillary jurisdiction.); *International Prisoners' Union v. Rizzo*, 356 F.Supp. 806, 810 (E.D.Pa.1973); *Innersprings, Inc. v. Joseph Aronauer, Inc.*, 27 F.R.D. 32, 35 (E.D.N.Y.1961).

4. *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965); *Lewis v. Times Pub. Co.*, 185 F.2d 457 (5th Cir. 1950); *Marshall v. Hanioti Hotel Corp.*, 490 F.Supp. 1020 (N.D.Ga.1980).