**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**TRAVELERS TRASH COMPANY, INC., et al., Defendants.**

**No. 83–89–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

July 30, 1984.

Mary A. Auerbach, Office of Sol., U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Harold D. Downing, Fayetteville, N.C., for defendants.

## ORDER

DUPREE, District Judge.

Raymond J. Donovan, Secretary of Labor, brought this action to enjoin defendants from violating the record keeping, minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* The Secretary also seeks an award of liquidated damages under 29 U.S.C. § 216(c). The action is before the court on the Secretary's motion to strike defendants' jury demand. The motion will be allowed.

On October 20, 1983, the Secretary filed the complaint in this action against three of the four named defendants. These defendants filed their answer on November 14 of the same year. However, it was not until February 24, 1984, 102 days later, that defendants served and filed their jury demand.[1] With defendants' consent and waiver of service, an amended complaint was filed March 8, 1984 adding Travelers Trash Company, Inc., as a party. No answer to the amended complaint having been filed, it would appear that all defendants are relying on the prior answer.

Under Rule 38(b), F.R.Civ.P., a jury demand must be made "not later than ten days after the service of the last pleading directed to such issue." The failure to serve a timely demand constitutes a waiver of the right. Rule 38(d), F.R.Civ.P.

In this instance, the last pleading directed to the issue was the answer, which was filed on November 14, 1983. Accordingly, under Rule 38, defendants had ten days from that date upon which to serve plaintiff with their jury demand. Rather than meeting the ten-day requirement, defendants' demand was not served until over 100 days after filing their answer. Accordingly, their demand is not timely and the Secretary's motion is allowed.

Although the Secretary filed an amended complaint adding a new defendant after both the answer and jury demand were filed, this does not change the result. First, the new defendant has yet to answer the amended complaint, instead apparently relying on the previously filed answer. This conclusion is supported by the fact that it joined in the previously filed jury demand. The court perceives no prejudice to this defendant by striking the jury demand as untimely. The jury demand was obviously untimely and any reliance upon it was misplaced. *Cf.*, 5 Moore's Federal Practice ¶ 38.45 at 343–44 (2d Ed.1964): "If a *timely and proper* demand for jury is made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein." (Emphasis added.)

Lastly, this court has held that there is no right to a jury for actions brought by the Secretary for injunctive relief under 29 U.S.C. § 217, *Donovan v. Simmons*, No. 83–113–Civ–3 (April 5, 1984) (Dupree, J.), or for actions for liquidated damages under 29 U.S.C. § 216(c). *Donovan v. River City Construction Company*, No. 84–6–Civ–4 (E.D.N.C., May 1, 1984) (Fox, J.).

Accordingly, the Secretary's motion to strike defendants' jury demand is allowed.

SO ORDERED.

---

1. Curiously, the demand is made also on behalf of Travelers Trash Company, Inc., who was not made a defendant until the filing of an amended complaint on March 8, 1984.