**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**MECHANICSVILLE CONCRETE, INC., et al., Defendants.**

**Civ. A. No. 87–0026–R.**

United States District Court, E.D. Virginia, Richmond Division.

March 25, 1987.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Joseph E. Blackburn, Jr., White, Blackburn & Conte, P.C., Richmond, Va., for defendants.

OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the plaintiff's motion to strike the defendants' demand for jury trial. Plaintiff filed this action seeking to enjoin the defendants from violating provisions of Sections 7 and 11(c) of the Fair Labor Standards Act [FLSA], including the restraint of the withholding of any overtime compensation found by the Court to be due to any of the employees of defendants, and for liquidated damages in an amount equal to the back wages found due to employees. In their answer, defendants requested a jury trial which plaintiff subsequently moved to strike.

 Plaintiff notes, and defendants concede, that it is well established that there is no right to a jury trial on any issues arising under Section 17 of the FLSA because such matters are equitable in nature. *See Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965); *Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658 (4th Cir.1969). On that basis, the Court GRANTS the motion to strike the defendants' demand for jury trial insofar as it relates to the issues arising under Section 17 of the FLSA.

 Regarding the issues arising under Section 16(c), the parties are not in agreement. Plaintiff claims that there is no right to trial by jury on the issue of their recovery of amounts equal to unpaid back wages as liquidated damages, while defendants claim that they are entitled to a jury trial on this issue. The Court notes that there is authority for both positions. In *Donovan v. Travelers Trash Co., Inc.,* 599 F.Supp. 43 (E.D.N.C.1984), the Court stated that there was no right to a jury trial for actions brought by the Secretary of Labor for injunctive relief under Section 17 or for actions for liquidated damages under Section 16(c).

Other courts have held that employers are entitled to a jury trial on the issue of liquidated damages, regardless of whether the action is brought by the Secretary of Labor or by the employee. In *Usery v. Venango Diagnostic and Training Center, Inc.,* 72 F.R.D. 469 (W.D.Pa.1976), the Court noted that the rights of defendants sued under Section 16(b) by employees for back wages and under Section 16(c) by the Secretary on behalf of employees to trial by jury have been consistently recognized. In that case, the Court held the motion to strike under advisement until the pretrial conference at which time the actual nature of the case—equitable or legal—could be determined.

In *Marshall v. Morse Operations, Inc.,* 514 F.Supp. 604 (S.D.Fla.1981), the Court faced a motion similar to that filed by the Secretary in this case. The Court found that, under Section 216,[1] "trial by jury may be had on the issue of back pay" and that "[t]he court may then award an additional equal amount as liquidated damages." This Court also noted the general rule that legislative enactments should not be given interpretations that conflict with recognized constitutional rights such as the right to trial by jury, absent clear statutory language to the contrary.

In *Donovan v. Motel 6, Inc.,* 39 F.R. Serv.2d 1214 (M.D.N.C.1984), the Court reviewed the legislative history of the Fair Labor Standards Act, relying in part on decision issued by the United States District Court sitting in the Northern District of Georgia, *Marshall v. Hanioti Hotel Corp.,* 490 F.Supp. 1020 (N.D.Ga.1980). The district court in *Hanioti Hotel* found that the legislative histories of Sections 216 and 217 support the position that Congress "intended for the issue of liquidated damages to be annexed solely to the Section 16(c) action at law, in which the employer has a constitutionally protected right to a jury trial." 490 F.Supp. at 1024. The Court in *Motel 6, Inc.* reached the same conclusion, also noting that a suit under Section 16(c) is essentially a representative action brought to enforce the private rights

---

1. Sections 216 and 217 of Title 29 of the United States Code are equivalent to Sections 16 and 17 of the Fair Labor Standards Act. Some courts refer to the FLSA sections numbers while others use the U.S. Code section numbers.

described in Section 16(b). Right to trial by jury clearly exists under Section 16(b), as recognized by the Fourth Circuit in *Pons v. Lorillard,* 549 F.2d 950, 953 (4th Cir. 1977). "It is settled that section 216(b) claims are legal in nature and uniformly accorded a jury trial."

This Court agrees with what appears to be the majority position on this issue—that defendants are entitled to a trial by jury on the issue of unpaid back wages and liquidated damages in an action brought by the Secretary of Labor pursuant to Section 16(c) of the Fair Labor Standards Act. This conclusion is supported by legal precedent, as well as the general principle that statutes should not be given interpretations that conflict with recognized constitutional rights such as trial by jury. In addition, logic demands that employers should have the right to trial by jury in 16(c) actions brought by the Secretary of Labor since they have that right in 16(b) actions brought by employees. For these reasons, the Court DENIES the plaintiff's motion to strike the defendants' demand for jury trial insofar as it relates to the issues arising under Section 16(c) of the Fair Labor Standards Act.

An appropriate order shall enter.