Ann McLAUGHLIN,\* Secretary of
Labor, United States Department
of Labor, Plaintiff–Appellee,

v.

OWENS PLASTERING COMPANY, a
Corporation; and Willard E. Owens,
Individually and as Managing Agent of
Corporate Defendant, Defendants–Appellants.

No. 87–1562.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1988.

Decided March 7, 1988.

Richard McKnight, Las Vegas, Nev., for
defendants-appellants.

Mary Helen Mautner and James M.
Kraft, U.S. Dept. of Labor, Washington,
D.C., for plaintiff-appellee.

Before SKOPIL, SCHROEDER, and
ALDISERT,\*\* Circuit Judges.

SCHROEDER, Circuit Judge:

This is an interlocutory appeal, pursuant
to section 1292(b), in which Owens Plastering Company appeals the district court's
denial of its request for a jury trial in this
Fair Labor Standards Act enforcement
case. We reverse because we hold that the
Secretary has set forth a claim for legal as
well as equitable relief. *See Dairy Queen,
Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8
L.Ed.2d 44 (1962).

The Secretary of Labor filed this action
in September 1985, alleging that Owens
had violated the Fair Labor Standards Act
by (1) failing to pay overtime rates to its
employees, and (2) failing to comply with
the Act's bookkeeping requirements. 29
U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5).
Pursuant to 29 U.S.C. §§ 216(c) and 217
(sections 16 and 17 of the Fair Labor Standards Act), the Secretary sought to enjoin
Owens from violating the overtime and
bookkeeping requirements and to recover
back wages and liquidated damages on the
employees' behalf. Section 16(c) provides
that "[t]he Secretary may bring an action
in any court of competent jurisdiction to
recover the amount of unpaid minimum
wages or overtime compensation and an
equal amount as liquidated damages." 29
U.S.C. § 216(c). Section 17 states:

> The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including
> in the case of violations of section
> 215(a)(2) of this title the restraint of any
> withholding of payment of minimum
> wages or overtime compensation found
> by the court to be due to employees
> under this chapter....

29 U.S.C. § 217.

The sole issue on appeal is whether the
request for liquidated damages under sec-

---

\* Ann McLaughlin has been substituted for William E. Brock, III. Fed.R.App.P. 43.

\*\* Honorable Ruggero J. Aldisert, Senior United
States Circuit Judge for the Third Circuit, sitting
by designation.

tion 16(c) gives rise to a right to a jury trial. Both parties agree that no right to jury trial exists as to the section 17 claim because it is an equitable action. *Paradise Valley Investigation and Patrol Services, Inc. v. District Court,* 521 F.2d 1342 (9th Cir.1975). The Secretary is using section 16(c) only for its liquidated damages remedy, and is pursuing the other remedies under section 17. However, Owens argues that by seeking liquidated damages under section 16(c), the Secretary is no longer seeking only equitable relief. Thus, Owens contends that the addition of the section 16 liquidated damages claim adds an action at law, and therefore that it is entitled to a jury trial.

The Secretary argues that this action is an equitable one, since she seeks mandatory relief under section 17. She argues that the liquidated damages sought under section 16(c) fall within the equitable concept of restitution, and do not change the nature of the action. The issue, therefore, is whether the existence of the section 16(c) claim mandates a jury trial.

The district courts addressing this issue have split. The parties cite to three district courts holding that no right to a jury trial exists for liquidated damages, *see, e.g., Brock v. Mechanicsville Concrete, Inc.,* 655 F.Supp. 1454 (E.D.Va.1987), *amended* 674 F.Supp. 1523 (E.D.Va.1987); *Donovan v. Travelers Trash Co., Inc.,* 599 F.Supp. 43 (E.D.N.C.1984); *Donovan v. B.J. Barnett, Inc.,* 102 Lab.Cas. (CCH) ¶ 34,619 (D.S.C.1984), and four district courts holding that a right to jury trial exists for section 16(c) claims, even when joined with section 17 claims. *See Marshall v. Morse Operations, Inc.,* 514 F.Supp. 604 (S.D.Fla. 1981); *Marshall v. Hanioti Hotel Corp.,* 490 F.Supp. 1020 (N.D.Ga.1980); *Brock v. Yancey Co.,* 105 Lab.Cas. (CCH) ¶ 34,848 (E.D.Cal.1985); *Donovan v. Motel 6, Inc.,* 39 Fed.R.Serv.2d 1214 (M.D.N.C.1984).

In *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the Supreme Court rejected an argument similar to the Secretary's argument here. The Court held that defendants are entitled to a jury trial whenever a remedy at law is sought. The plaintiffs in *Dairy Queen* alternatively contended that either the action was "purely equitable" or that the legal claims were incidental to the equitable ones, and thus that there was no right to jury trial. *Id.* at 470, 82 S.Ct. at 896. The Supreme Court held that the complaint requested both legal and equitable relief, and that the defendant was entitled to a jury trial on the legal claim. "It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." *Id.* at 473 n. 8, 82 S.Ct. at 897 n. 8, *quoting Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.,* 294 F.2d 486, 491 (5th Cir.1961).

The Supreme Court recently reaffirmed this principle in *Tull v. United States,* — U.S. —, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). Holding that the defendant was entitled to a jury trial on the legal claims, the Court noted that the Government "was free to seek an equitable remedy in addition to, or independent of, legal relief" because the applicable statute, 33 U.S.C. § 1319, separately authorized each kind of relief within distinct subsections. "Subsection (b), providing injunctive relief, is independent of subsection (d), which provides only for civil penalties. In such a situation, if a 'legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought.'" 107 S.Ct. at 1839, *quoting Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974).

Here, the section 17 claim clearly constitutes an equitable cause of action. Under the law of this circuit, the section 16(c) claim seeks relief available in an action at law. Our *Paradise Valley* opinion stated that "[i]n an action at law for back wages under § 16 of the Act, there is a traditional array of parties and issues. The unpaid workman is demanding a money judgment, and a jury is furnished upon request as a

matter of course." 521 F.2d at 1343, citing *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965). The cited page in *Wirtz* further noted that "[u]nder § 16(b) the employees may sue the employer for back pay, and under § 16(c) the Secretary, upon written request of the employees, may bring the action. Such cases are analogous to actions at law, e.g. debt or assumpsit, and, on proper demand, are triable before a jury." 340 F.2d at 904. The section 16(c) claim is therefore a legal one.

However, the Secretary contends that since all she seeks from the section 16(c) action is liquidated damages, and since liquidated damages are determined by the court, the addition of the liquidated damages claim did not change the equitable nature of the case. Yet, when Congress authorized the Secretary to recover liquidated damages, it did so by amending section 16(c), which authorizes actions at law, rather than section 17, which authorizes equitable actions. Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, § 26, 88 Stat. 55 (1974); *see also Hanioti Hotel*, 490 F.Supp. at 1023–25. It therefore appears that "Congress intended for the issue of liquidated damages to be annexed solely to the Section 16(c) action at law, in which the employer has a constitutionally protected right to a jury trial." 490 F.Supp. at 1024. To permit the Secretary to splinter off the liquidated damages remedy here and deny Owens a jury trial would ignore the fact that Congress has provided specific remedies within distinct subsections. *See Tull*, 107 S.Ct. at 1839.

Thus here, as in *Tull*, the Secretary was free to seek equitable relief under section 17, legal relief under section 16, or both, as she chose to do here. The result is therefore governed by *Dairy Queen* and *Tull*. The Secretary may not bring an action at law and then deny the defendant a jury trial by attempting to characterize the action differently. Since the section 16(c) claim is an action at law, Owens is entitled to a jury trial on this claim.

REVERSED AND REMANDED.