Elizabeth DOLE, Secretary of Labor, U.S. Department of Labor, Plaintiff,

v.

SCOTT–RICE OF TEXAS, INC. and Lawrence S. Stanton, Defendants.

Civ. A. No. 3–89–0430–H.

United States District Court,
N.D. Texas,
Dallas Division.

March 7, 1990.

Jerry G. Thorn, Acting Sol. of Labor, James E. White, Regional Sol., Bobbie J. Gannaway, Counsel for Empl. Stds., and Robert Fitz, Atty., Office of the Sol., Dept. of Labor, Dallas, Tex., for plaintiff.

Durwood D. Crawford, Goins, Underkofler, Crawford & Langdon, Dallas, Tex., for defendants.

## MEMORANDUM OPINION
## AND ORDER

SANDERS, Chief Judge.

The Court has reconsidered its Orders of March 21, 1989 and May 3, 1989 striking Defendant's jury demand upon the reurging of the demand by Defendant in the Pretrial Order.

The gist of the problem is the nature of the relief Plaintiff seeks in this case. Plaintiff's entire complaint is predicated upon 29 U.S.C. § 217, which allows the Secretary of Labor to seek an injunction against future violations of the Fair Labor Standards Act's minimum and overtime wage provisions. Section 217 also provides for a restitutionary injunction requiring the payment of back wages found owing to employees. Section 217 claims are tried to the judge. *Sullivan v. Wirtz*, 359 F.2d 426 (5th Cir.), *cert. denied*, 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966).

In the prayer for relief at the conclusion of the complaint, however, Plaintiff also requests liquidated damages under 29 U.S.C. § 216(c). That section provides that in a suit for back wages prosecuted by the Secretary of Labor on behalf of employees, a jury shall determine the amount of back wages owing to employees, and that an equal amount will be awarded as liquidated damages. Defendant contends that the inclusion of the request for liquidated damages converts the case into one in which he is entitled to a jury trial. *See Castillo v. Givens*, 704 F.2d 181, 186–87 n. 11 (5th Cir.), *cert. denied*, 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147, (1983) (jury trial required in proceedings under 216(c)).

■ Defendant is correct that liquidated damages may not be awarded in a judicial trial. Even though the judge ultimately determines the amount of liquidated damages, *see* 29 U.S.C. § 260 (court has discretion to reduce amount of liquidated damages upon showing of good faith by employer), the statutory limit is the amount the jury awarded in back wages. Thus, Congress has decided that liquidated damages are only available in an action tried to the jury, and the Secretary may not avail herself of the efficiencies of a case tried to the judge while pursuing the relief available only through a jury.

The Secretary has already presented her arguments regarding this issue to two circuit courts and a host of district courts, all of which, with one exception, have come to the same conclusion. *See McLaughlin v. Owens Plastering Co.*, 841 F.2d 299, 301 (9th Cir.1988); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062–64 (2d Cir.1988); *Brock v. Mechanicsville Concrete, Inc.*, 655 F.Supp. 1454 (E.D.Va.1987); *Donovan v. Motel 6, Inc.*, 39 Fed.R.Serv.2d 1214 (M.D.N.C.1984); *Marshall v. Morse Operations, Inc.*, 514 F.Supp. 604 (S.D.Fla.1981); *Marshall v. Hanioti Hotel Corp.*, 490

F.Supp. 1020 (N.D.Ga.1980) (excellent discussion); *Usery v. Venango Diagnostic and Training Ctr., Inc.,* 72 F.R.D. 469 (W.D.Pa.1976). *Contra Donovan v. Travelers Trash Co., Inc.,* 599 F.Supp. 43 (E.D. N.C.1984). In *McLaughlin,* the Ninth Circuit determined that if the Secretary asks for liquidated damages as well as injunctive relief, then the case must be tried to a jury. In *Superior Care,* the Second Circuit considered what appears to be precisely the same wording in a complaint by the Secretary,[1] and also determined that the request for liquidated damages was incompatible with the request for injunctive relief. But the Second Circuit chose a different course, reversing the district court's award of liquidated damages, thereby obviating the need for a jury trial.

The Court concludes that the Second Circuit's outcome is the more logical one. The Secretary predicated her entire complaint upon section 217, and only added the request for liquidated damages in the prayer for relief—hardly enough to qualify as a full-fledged claim. Moreover, since the Secretary appears to be using the same form complaint throughout the country even after all of these decisions, yet she failed to bring these cases to the Court's attention when pressing her motion to strike Defendant's jury demand,[2] the Court does not hesitate to strike the Secretary's request for liquidated damages.

Accordingly, finding that the complaint is one for equitable relief under section 217, the Court will not reinstate Defendant's jury demand. However, Plaintiff's claim for liquidated damages is STRICKEN.

SO ORDERED.

---

1. In this case, the Secretary's complaint stated that "[j]urisdiction of this action is conferred upon the court by Section 17 of the Act," and requested in the claim for relief an "additional amount as liquidated damages equal to the back wages found to be due to the employees." The language cited by the Second Circuit is virtually identical. *See Superior Care,* 840 F.2d at 1063.

*See also Morse Operations,* 514 F.Supp. at 605; *Hanioti Hotel,* 490 F.Supp. at 1021.

2. The Court recommends that the Secretary delete the reference to liquidated damages in her form complaint to avoid this problem in the future.