COAST VILLAGE, INC., et al.,
Plaintiffs—Appellants,

v.

EQUILON ENTERPRISES, LLC,
Defendant—Appellee.

Nos. 02–55453, 02–55508.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided April 17, 2003.

Before: SCHROEDER, Chief Judge, and THOMPSON and GRABER, Circuit Judges.

## MEMORANDUM *

This action arises under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2841, as well as several California statutes.

1. Plaintiffs argue that they were entitled to a jury trial on their PMPA claim. On de novo review, *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1426 (9th Cir.1996), *aff'd*, 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999), we disagree.

Plaintiffs reason that, because the issues contained both factual and legal components, a jury was required to decide the factual elements. This argument is unavailing; district courts ably resolve factual issues every day. *See Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir.1998) (noting that a district court's decision to grant a permanent injunction involves "factual, legal, and discretionary components").

Rather, the character of the relief sought is the most important factor in determining whether rights created by a federal statute are analogous to suits at common law and, thus, give rise to the right to a jury trial. *Spinelli v. Gaughan*,

12 F.3d 853, 855–56 (9th Cir.1993). Generally, parties seeking purely equitable relief do not have a right to a jury trial. *United States v. Louisiana*, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); *McLaughlin v. Owens Plastering Co.*, 841 F.2d 299, 299–300 (9th Cir.1988); *see also* 15 U.S.C. § 2805(b)(1) (providing that "the court shall grant such equitable relief as the court determines is necessary to remedy the effects of any failure to comply with the requirements of section 2802 or 2803 of this title").

Initially, Plaintiffs sought damages for the harm they alleged would occur if they were required to sign the new franchise agreements. The district court's preliminary injunction preserved the status quo, however, and eliminated the pleaded basis for damages.[1] After that claim was stricken, Plaintiffs sought only to *enjoin* Defendant from requiring them to consent to the new franchise agreements. Because Plaintiffs' claim was only equitable by the time of trial, the district court did not err in denying their request for a jury.[2]

2. The district court did not clearly err in finding that Defendant's decision to implement the new franchise agreements was made in good faith and not for the purpose of converting franchisee stations into company-operated stations. *See Svela v. Union Oil Co.*, 807 F.2d 1494, 1501 (9th Cir. 1987) (stating standard of review).

"The PMPA plainly contemplates that franchisors will have substantial flexibility

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At oral argument Plaintiffs relied on additional theories for damages, but those were not pleaded and, therefore, cannot demonstrate error on the part of the district court. Moreover, in their opening brief, Plaintiffs argued only that they were entitled to have a jury decide the factual elements of their equitable claims.

2. Plaintiffs do not argue that they had a right to have a jury decide whether exemplary damages were warranted. *See* 15 U.S.C. § 2805(d)(2) (providing that the court is to make that determination).

in changing the terms of a franchise upon renewal." *Valentine v. Mobil Oil Corp.*, 789 F.2d 1388, 1391 (9th Cir.1986). "So long as the franchisor does not have a discriminatory motive or use the altered terms as a pretext to avoid renewal, the franchisor has met the burden required by the PMPA for determining good faith." *Svela*, 807 F.2d at 1501 (citation and internal quotation marks omitted).

The district court's findings here were well-developed, reasoned, supported by the extensive record, and patiently explained. The district court did not err in concluding that Defendant met its burden here. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir.2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently."), *petition for cert. filed*, 71 U.S.L.W. 3612 (U.S. Mar. 12, 2003) (No. 02–1348).

3. The district court did not err in ruling that Plaintiffs were not entitled to exemplary damages or attorney fees under 15 U.S.C. § 2805(d)(1)(B) or (C). The fact that the district court held that certain provisions of the new franchise agreements were impermissible under 15 U.S.C. § 2805(f) does not alter the analysis, because § 2805(d)(1)(C) provides fees only for violations of § 2802 and § 2803. Plaintiffs made no claim under § 2803, and they lost their § 2802 claim. Therefore, they did not prevail on a claim as to which attorney fees might be recovered.

Similarly, § 2805(d)(1)(B) provides for exemplary damages only for "willful disregard" of § 2802 or § 2803. Because Plaintiffs failed to prove any violation of § 2802 or § 2803 at all, *a fortiori* they failed to prove "willful disregard" for those sections' requirements.

4. The district court did not abuse its discretion in denying Plaintiffs a new trial.

*See Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1003 (9th Cir.) (stating standard of review), *cert. denied*, 534 U.S. 944, 122 S.Ct. 324, 151 L.Ed.2d 242 (2001).

At least two pieces of "new" evidence concerned post-trial conduct. The district court did not abuse its discretion in ruling that such evidence cannot support a motion for a new trial. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2808, at 86–87 (1995) ("Newly discovered evidence must be of facts existing at the time of trial.").

Nor did the court abuse its discretion in denying a new trial on the basis of the remaining three pieces of evidence. The rent summary, the mention of the "TSF" channel of trade, and the claim that Defendant discourages parties from taking advantage of rent-challenge procedures, even taken together, do not constitute "evidence ... of such magnitude that production of it earlier would have changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir.2000).

5. Finally, the district court did not abuse its discretion in imposing time limits on each side for the production of witnesses. "A district court is generally free to impose reasonable time limits on a trial." *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir.1997). Trial courts have "broad authority" to impose such limitations to "'prevent undue delay, waste of time, or needless presentation of cumulative evidence.'" *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir.2001) (quoting *Amarel*, 102 F.3d at 1513), *cert. denied*, 536 U.S. 941, 122 S.Ct. 2623, 153 L.Ed.2d 806 (2002). Without an explanation of prejudice, such as a statement of material, nonrepetitive testimony that could not be offered because of the limitations, it was

not an abuse of the district court's broad discretion in this area to limit the time for testimony. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002) (finding no abuse of discretion in the absence of a demonstration of prejudice from a district court's time limits).

AFFIRMED.