**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

v.

**CORRY JAMESTOWN CORP.**

No. 82–5706.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 8, 1983.

Decided Oct. 17, 1983.

**1220**

David L. Slate, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vella M.

Fink, Asst. Gen. Counsel, Jeffrey C. Bannon, Atty., Equal Employment Opportunity Commission, Washington, D.C., for appellant.

Patrick J. Madden, Penelope B. Tvrdik, Stanley, Lande, Coulter & Pearce, Muscatine, Iowa, Roger H. Taft, MacDonald, Illig, Jones & Britton, Erie, Pa., for appellee.

Robert E. Williams, Douglas S. McDowell, Barbara L. Neilson, McGuiness & Williams, Washington, D.C., for amicus curiae, Equal Employment Advisory Council.

Before ALDISERT and WEIS, Circuit Judges, and RE,* Chief Judge.

## OPINION OF THE COURT

RE, Chief Judge.

In this age discrimination case, plaintiff-appellant, the Equal Employment Opportunity Commission, suing on behalf of John Downey and others for backpay, damages, and injunctive relief, appeals from an order of the United States District Court for the Western District of Pennsylvania which denied its demand for a jury trial. The appeal followed a full bench trial on the merits that resulted in a judgment for defendant-appellee, the Corry Jamestown Corporation.

The question presented on this appeal is whether the Commission has a right to a jury trial when it sues on behalf of an individual employee for violations under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1976). Since we hold that the Commission was entitled to a jury trial and did not waive it, we reverse.

On July 30, 1980, the Commission sued in the District Court for the Western District of Pennsylvania for backpay, damages, and injunctive relief pursuant to § 7(b) of the ADEA, 29 U.S.C. § 626(b). The Commission alleged that Corry Jamestown had violated § 4(a) of the ADEA, 29 U.S.C. § 623(a), by discharging John Downey and

---

* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

other similarly situated employees because of their age. The Commission demanded a jury trial on all issues of fact raised by the complaint.

On September 2, 1980, Corry Jamestown answered and moved to strike the Commission's demand for a jury trial. The district court granted the motion on September 24, 1980 and ruled that only private litigants were entitled to a trial by jury in ADEA actions. The court construed the statutory phrase contained in § 7(c)(2), "a person shall be entitled to a trial by jury of any issue of fact," as excluding the Commission.

At the trial, the Commission presented evidence that Downey was discharged from his position as personnel manager at age fifty-four, within the age band protected by the ADEA, § 12(a), 29 U.S.C. § 631(a), and was replaced by a younger person. Evidence was also adduced that demonstrated that employees over forty years of age had a much greater termination rate than those under forty. Although contradicted, there was evidence that tended to show that the reasons given for Downey's dismissal were pretextual. The district court entered judgment in favor of Corry Jamestown on September 21, 1982, and on November 18, 1982, the Commission appealed.

Section 4(a) of the ADEA broadly prohibits arbitrary discrimination in the workplace based on age. 29 U.S.C. § 623(a) (1976). In addition, § 7(b) of the ADEA, 29 U.S.C. § 626(b), expressly incorporates the powers, remedies, and procedures of the Fair Labor Standards Act (FLSA) as provided for in §§ 16(b), 16(c) and 17, 29 U.S.C. §§ 216(b), 216(c) and 217. Specifically, § 16(b) provides that employees may bring suit against their employer on their own behalf, and on behalf of all others similarly situated for both legal and equitable relief. Section 16(c) provides that the Secretary (now the Commission)[1] may bring suit against an employer on behalf of an employee to recover unpaid minimum wages, overtime compensation, and liquidated damages. If the Commission sues under § 16(c), the employee's right to sue under § 16(b) is terminated. A suit under § 16(c), therefore, is essentially a representative action brought to enforce the private rights described in § 16(b). It has been held that these actions are analogous to actions at law and are triable before a jury. *See, e.g., Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965); *Mitchell v. City Ice Co.,* 273 F.2d 560 (5th Cir.1960); *Lewis v. Times Publishing Co.,* 185 F.2d 457 (5th Cir.1950); *Marshall v. Hanioti Hotel Corp.,* 490 F.Supp. 1020 (N.D.Ga.1980); *Olearchick v. American Steel Foundries,* 73 F.Supp. 273 (W.D.Pa. 1947). Finally, § 17 empowers the Commission to seek injunctive relief.

As originally enacted, the ADEA did not contain any references regarding the availability of jury trials in actions instituted either by private individuals or brought by the government. In 1978, however, after the Supreme Court in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), held that the incorporation of FLSA procedures into the ADEA included the right to a trial by jury, Congress amended the ADEA so that a trial by jury would be available in private actions under the ADEA. The 1978 amendment to the Act revised § 7(c) to read as follows:

(c)(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal and equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary [now the Commission] to enforce the right of such employee under this chapter.

(2) *In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable*

---

**1.** Originally, the Secretary of Labor was vested with the authority to enforce the ADEA. President Carter transferred enforcement authority to the Commission in 1978. Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 198,078 (1978).

*relief is sought by any party in such action.*

29 U.S.C. § 626(c) (Supp. V. 1982) (emphasis added).

Corry Jamestown contends that the 1978 amendment only permits a jury trial in an action brought by a private complainant, and that, had Congress meant to afford the Commission a right to a jury trial, it would have expressly conferred that right in the amendment to the Act. Corry Jamestown further argues that, since the Commission could have brought either an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or a writ of mandamus to obtain a jury trial, it waived its right to raise the issue after receiving an unfavorable ruling in the district court. Finally, Corry Jamestown contends that even if the district court erred in denying a jury trial, the Commission should not be granted a new trial since the court's findings of fact were not clearly erroneous, and its refusal to grant a trial by jury was neither inconsistent with substantial justice nor prejudicial to the Commission.

The Commission, on the other hand, contends that pursuant to § 16(c) of the FLSA it is authorized to bring an action to recover amounts owed to victims of age discrimination, and that those actions are analogous to actions at law, having consistently been tried by jury. The Commission also maintains that nothing in the 1978 amendments to the ADEA, which added § 7(c)(2) guaranteeing trial by jury to "any person," shows any intent to deny jury trials in government enforcement actions. Rather, in the Commission's view, the purpose of the 1978 addition of § 7(c)(2) was not to limit jury trials to individuals, but to assure that individuals could get jury trials even if they sought liquidated damages. Thus, the Commission states that since it presented sufficient evidence to withstand a motion for a directed verdict, this court should reverse and remand for a new trial before a jury.

The district court reasoned, and Corry Jamestown contends, that the word "person" refers only to an individual employee who has been discriminated against under the statute, but not to the Commission. Since there is no precedent in support of this position, it is based solely upon a strict construction of the word "person" in § 7(c)(2).[2]

Section 11 of the ADEA defines the word "person" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized group of persons." 29 U.S.C. § 630(a) (1976). While corporations and other similar entities have long been recognized as "persons" within the meaning of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution, *Minneapolis & St. Louis Railway v. Beckwith,* 129 U.S. 26, 9 S.Ct. 207, 32 L.Ed. 585 (1889) (due process); *Santa Clara County v. Southern Pacific Railroad,* 118 U.S. 394, 6 S.Ct. 1132, 30 L.Ed. 118 (1886) (equal protection), the use of the descriptive term "individual," in the legislative history to the 1978 amendment,[3] would appear to exclude the Commission as analogous to a corporation. However, it would have been unnecessary for Congress to mention the Commission

**2.** Corry Jamestown and amicus, citing *Reiche v. Smythe,* 80 U.S. (13 Wall.) 162, 164, 20 L.Ed. 566 (1872), maintain that "person" does not include the Commission because the meaning of particular terms in a statute may be ascertained by referring to the words associated with them in the statute, and the courts may adopt the sense which best harmonizes with the context. *See also* 2A C. Sands, *Statutes and Statutory Construction* § 47.16, at 101 (4th ed. 1973).

**3.** In offering the amendment on the Senate floor, Senator Kennedy stated, "[t]his particular amendment is to clarify section 7(c) of the Age Discrimination in Employment Act, which applies to lawsuits brought by aggrieved individuals on their own behalf. The amendment guarantees the availability of a jury trial on legal issues in private actions brought under the Age Act...." 123 Cong.Rec. S17296–97 (daily ed. Oct. 19, 1977). Similarly, Senator Javits, in summarizing the conference report, indicated that the proposal would allow "a trial by jury of any issue of fact in an action by an individual for recovery of 'amounts owing' as a result of a violation of the act." 124 Cong.Rec. S4450 (daily ed. March 23, 1978).

specifically in § 7(c)(2) since the ADEA expressly incorporates § 16(c) of the FLSA which allows the Commission to bring suit on behalf of an individual in a representative capacity. *See Lorillard,* 434 U.S. at 581, 98 S.Ct. at 870. This is supported by the inclusion of the term "legal representatives" in the definition of "person" in § 11 of the ADEA. 29 U.S.C. § 630(a). Furthermore, the legislative history shows that Congress added § 7(c)(2) to assure that a jury could decide the question of liquidated damages. H.R.Rep. No. 95–950 at 13–14 (March 14, 1978), U.S.Code Cong. & Admin. News 1978, p. 504. Therefore, it is not entirely clear from either the language of the amendment or its legislative history, whether "person" was intended to include the Commission. Perhaps, more importantly, as stated by the court in *EEOC v. Blue Star Foods, Inc.,* 22 Empl.Prac.Dec. (CCH) ¶ 30,820 at 15,235 (S.D.Iowa 1980), "the statute does not explicitly forbid a trial by jury in actions brought by the [Commission]." While no court of appeals has yet decided this issue, those district courts which have passed upon the question have held that the government is entitled to a jury trial. *See, e.g., EEOC v. Indian River Transport Co., Inc.,* 30 Empl.Prac.Dec. (CCH) ¶ 33,048 (D.C.Fla.1981); *EEOC v. American Bakeries Co.,* 27 Empl.Prac.Dec. (CCH) ¶ 32,376 (E.D.Mo.1981); *EEOC v. Western Electric Co.,* 25 Empl.Prac.Dec. (CCH) ¶ 31,711 (E.D.Mich.1981); *Blue Star Foods,* 22 Empl.Prac.Dec. (CCH) ¶ 30,820; *EEOC v. Ford Motor Co.,* 573 F.Supp. 755 (D.Colo.1983); *EEOC v. Consolidated Edison Co.,* No. 80–1292 (S.D.N.Y. Aug. 27, 1981).[4]

The statute's broad benefactory purpose is to allow for the compensation of individuals discriminated against by their employer because of age. A narrow construction of § 7(c)(2), which focuses solely on the definition of "person," would neither foster nor fulfill Congress' objective in enacting the ADEA. The emphasis, rather, should be on whether the Commission has a right to a jury trial under § 16(c) of the FLSA, since

the rights created by the ADEA are to be "enforced in accordance with the powers, remedies and procedures" of the FLSA. 29 U.S.C. § 626(b).

In *Lorillard,* the Supreme Court held that the incorporation of FLSA procedures into the ADEA includes the right to jury trials and that, since § 7 spoke of legal or equitable relief, Congress intended that the Seventh Amendment apply. 434 U.S. at 583, 98 S.Ct. at 871. The Seventh Amendment preserves the right to trial by jury in "suits at common law." Although the thrust of the Amendment was to preserve the right to a jury trial as it existed in 1791, it has long been established that the right extends beyond the common law forms of action recognized at that time. Justice Story gave expression to this basic principle in 1830 when he wrote that:

> The phrase "common law," found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence . . . . By *common law* [the Framers of the Amendment] meant . . . not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.

*Parsons v. Bedford,* 3 Pet. 433, 446–47 (1830); see also Rule 38, Fed.R.Civ.P.; E. Re, *Cases and Materials on Remedies* 63 (1982).

In cases brought for violations of the FLSA and ADEA, it has been held that a jury trial is available in actions involving legal claims, *Murphy v. American Motors Sales Co.,* 570 F.2d 1226 (5th Cir.1978) (per curiam); *Kennedy v. Mountain States Telephone and Telegraph Co.,* 449 F.Supp. 1008 (D.Colo.1978); *Quinn v. Bowmar Pub. Co.,* 445 F.Supp. 780 (D.Md.1978), but not equitable claims, *Paradise Valley Investigation and Patrol Services, Inc. v. United States District Court,* 521 F.2d 1342 (9th Cir.1975);

---

**4.** The court in *EEOC v. Brown & Root, Inc.,* No. 81–1998 (S.D.Tex. Nov. 25, 1981), *appeal docketed,* No. 82–2382 (5th Cir. Sept. 27, 1982), struck the jury demand without opinion.

*Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965); *Hodgson v. Stewart In-Fra-Red Commissary, Inc.,* 370 F.Supp. 503 (E.D.Pa.1973); *Usery v. Venango Diagnostic and Training Center, Inc.,* 72 F.R.D. 469 (W.D.Pa.1976). As stated by the court in *Western Electric:*

> The language of 29 USC 626(c)(2) appears to indicate that Congress intended that a claim for amounts owing as a result of violations of the ADEA, would trigger a right to trial by jury on all factual issues notwithstanding that equitable relief was sought in the same action. This clearly seems to contemplate that there will be jury trials in cases where the [Commission] appears as plaintiff, since only the [Commission] is entitled to seek injunctive relief for violations of the ADEA. *Billiot v. Toups Marine Transport Inc.,* 465 F Supp 1265 (ED LA, 1979); *EEOC v. American Telephone & Telegraph Inc* [8 Empl.Prac.Dec. (CCH) ¶ 9442], 365 F.Supp. 1105 (ED PA, 1973), *affirmed* [8 Empl.Prac.Dec. (CCH) ¶ 9854], 506 F.2d 735 (CA 3, 1974)....

25 Empl.Prac.Dec. (CCH) at 20,083.

■ In the present case, the Commission, in addition to legal relief under § 16(c) of the FLSA, also sought injunctive relief under § 17 of the FLSA. However, the Commission does not claim that it is entitled to a jury trial for issues unique to the injunctive claims. It is well established that joinder of legal and equitable claims does not result in the waiver of a right to a jury trial on the legal claims. See *Dairy Queen Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

■ To say that the Commission may not rely on the Seventh Amendment would be to ignore the historical development of the right to jury trials in civil actions. The Seventh Amendment provides that "[i]n suits at common law ... the right of trial by jury shall be preserved ...." By its terms, the amendment is not restricted to citizens, but preserves the right for those who enjoyed it previously. *See* 5 J. Moore, MOORE'S FEDERAL PRACTICE § 38.31

at 236 (2d ed. 1976). *Cf. United States v. Griffin,* 14 F.2d 326, 327 (W.D.Va.1926). At common law, the jury was developed not merely as a protection for the individual, but also by the monarchs for their use. Indeed, after the Norman Conquest juries were "the prerogative rights of the Frankish kings." 1 F. Pollack & F. Maitland, *The History of English Law* 140 (2d ed. 1898 reprinted 1952). The jury "triumphed in this country [England] over the natural disinclination of Englishmen to admit that this 'palladium of our liberties' is in its origin not English but Frankish, not popular but royal." *Id.* at 141–42. Later, the jury became a factfinder available for the protection of the accused in non-royal litigation. *See Colgrove v. Battin,* 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). Modern juries have developed a dual purpose, "in *criminal* cases ... to prevent government oppression ... and in criminal and *civil* cases to assure a fair and equitable resolution of factual issues." *Id.* at 157, 93 S.Ct. at 2452 (emphasis added) (citing *Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 1905, 26 L.Ed.2d 446 (1970) and *Gasoline Products Co. v. Champlin Co.,* 283 U.S. 494, 498, 51 S.Ct. 513, 514, 75 L.Ed. 1188 (1931)).

The function of assuring a fair and impartial resolution of factual questions is of importance to both government and private litigants. *See Union Insurance Co. v. United States,* 6 Wall. 759, 764, 18 L.Ed. 879 (1868). This was recognized by Congress in its initial session when it enacted the Judiciary Act of 1789, which stated that "the district court shall ... have cognizance ... of all suits at common law where the United States sue.... And the trial of issues in fact, in the district courts, ... shall be by jury." 1 Stat. 73, 76–77.

■ There is no question that pursuant to § 7(c)(2), a "person" has a right to sue and demand a jury trial. Clearly, therefore, had Downey brought this action he would have had a right to a trial by jury. Under the statute, however, the right of the individual to sue is terminated if the Commission commences an action on his behalf.

Therefore, if we were to adopt Corry Jamestown's interpretation of the governing statutory provisions, the Commission's decision to sue on an individual's behalf, rather than enuring to that individual's benefit, as Congress intended, would serve to deny the right to have the claim heard by a jury of one's peers. In order to avoid this inequitable and anomalous result, since the Commission is suing as surrogate or in a representative capacity, the Commission must have the same rights that are possessed by the individual. Section 7(c)(1), which authorizes the Commission to commence an action on behalf of any person, specifically states that the action is "to enforce the *right* of such employee under [the Act]." (Emphasis added).

By allowing the Commission to bring suit on behalf of an individual, Congress could not have intended a result which would disadvantage the individual for whose benefit the statute was enacted. Hence, since the Commission is Downey's sole representative, the Commission's right to a jury trial of a legal claim brought pursuant to § 16(c) should be no different from that of Downey. Indeed, in *Blue Star Foods,* the court, as an additional basis for its holding, stated that the Commission was entitled to a jury trial when suing under § 16(c) of the FLSA. 22 Empl.Prac.Dec. (CCH) at 15,236. Similarly, in denying defendant's motion to strike a jury demand in an ADEA action brought by the Commission, the court in *Indian River Transport* held that a trial by jury is appropriate in actions brought under § 16(c) of the FLSA. 30 Empl.Prac.Dec. (CCH) at 27,065.

In an analogous context, the Supreme Court has held that, in a stockholder's derivative action, the stockholder is entitled to a jury trial since the action is brought on behalf of the corporation. *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). In *Ross,* the Supreme Court further decided that the right to a jury trial attaches, despite the equitable origin of derivative actions, if the underlying corporate claim is legal in nature. It noted that:

The claim pressed by the stockholder against directors or third parties "is not his own but the corporation's . . . ." The heart of the action is the corporate claim. If it presents a legal issue, one entitling the corporation to a jury trial under the Seventh Amendment, the right to a jury is not forfeited merely because the stockholder's right to sue must first be adjudicated as an equitable issue triable to the court.

*Id.* at 538–39, 90 S.Ct. at 738 (citation omitted).

Hence, when the Commission sues on behalf of an individual employee, to deny it the right to a jury trial would be inequitable as well as contrary to the weight of authority. Furthermore, it would lead to an anomalous result which would frustrate the legislative intent and purpose in having amended the ADEA.

Alternatively, Corry Jamestown argues that (1) the Commission waived its right to appeal by not seeking mandamus or taking an immediate appeal under § 1292(b); and that (2) since the district court's findings were not clearly erroneous, no remand for a jury trial is necessary. Both of these arguments are without merit.

■ Corry Jamestown cites no authority to support its contention that the right to raise the question of trial by jury has been waived. Rather, it cites cases which hold that an interlocutory appeal or mandamus *may,* not *must,* be pursued when a jury trial is denied. *See, e.g., Eldredge v. Gourley,* 505 F.2d 769 (3d Cir.1974). Also devoid of merit is Corry Jamestown's assertion that the Commission's passive conduct following the court's ruling on a contested motion constitutes a waiver.

■ Finally, Corry Jamestown is mistaken when it argues that the denial of a jury trial is harmless error unless the district court's findings of fact can be shown to be clearly erroneous. To the contrary, denial of a trial by jury is reversible error unless a directed verdict would have been appropriate. *King v. United Benefit Fire Insurance Co.,* 377 F.2d 728 (10th Cir.), *cert.*

denied, 389 U.S. 857, 88 S.Ct. 99, 19 L.Ed.2d 124 (1967); *Burke Grain Co. v. St. Paul-Mercury Indemnity Co.,* 94 F.2d 458 (8th Cir.), *cert. denied,* 303 U.S. 661, 58 S.Ct. 765, 82 L.Ed. 1120 (1938). In this case, testimony was adduced at the trial that Downey performed his tasks well, and had never been denied a raise. The district court found that Downey was terminated at age fifty-four, was replaced by a younger person, and its findings support the establishment of a prima facie case. Hence, the Commission's evidence was clearly sufficient to withstand a directed verdict, and indeed, the district court twice denied such a motion.

The order of the district court striking the Commission's demand for a jury trial will be reversed, and the case remanded for a new trial before a jury.