## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

## BROWN & ROOT, INC., Defendant-Appellee.

### No. 82-2382.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1984.

---

Justine S. Lisser, E.E.O.C., Washington, D.C., for plaintiff-appellant.

William Kanter, Michael Jay Singer, Dept. of Justice, John M. Rogers, Civil Div., Appellate Staff, Robert E. Kopp, Dept. of Justice, Washington, D.C., for amicus-U.S.

Vinson & Elkins, W. Carl Jordan, Christopher A. Knepp, William L. Bedman, Houston, Tex., for defendant-appellee.

Robert E. Williams, Douglas S. McDowell, Barbara L. Neilson, Washington, D.C., for amicus-Equal Employment Advisory Council.

Before BROWN and RANDALL, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM.

In this age discrimination case, the Equal Employment Opportunity Commission, suing on behalf of Martin Forbes and "others similarly situated," demanded a jury trial on all issues. Defendant moved to strike the demand. The District Court granted the motion to strike, but certified the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The questions presented are:

(1) Does the Commission have a statutory right to a jury trial in suits brought under 16(c) of the FLSA (29 U.S.C. § 216), as incorporated by 7(b) of the ADEA (29 U.S.C. § 626)?

(2) If there is no statutory right to a jury trial, does the Government have a right to a jury trial under the Seventh Amendment?

 We conclude that the Commission possessed a statutory right to a jury trial, and reverse the decision of the district court.[1] Because we find the statutory issue dispositive, we need not address the difficult question of whether the Commission may invoke the Seventh Amendment, to give them the option of having the case heard by a jury.

The Commission has consistently made a statutory argument that Congress intended to provide for jury trials in actions brought by the government under Section 16(c) of the Fair Labor Standards Act, 29 U.S.C. § 216(c). When Congress enacted the ADEA in 1967 it did not include an express provision granting a right to a trial by jury. After the lower courts reached conflicting results, the Supreme Court, in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), held that the incorporation of

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. The Commission does not claim that it is entitled to a jury trial for issues unique to the injunctive claims. All agree that joinder of

legal and equitable claims does not result in the waiver of a right to a jury trial of the legal claims. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

FLSA procedures into the ADEA dictated that the jury trial right then available to enforce that FLSA liability would also be available in private actions under the ADEA. Several months after the decision in *Lorillard,* Congress, in the 1978 amendments to the ADEA, included these provisions:

(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Commission to enforce the right of such employee under this chapter.

(2) In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.

29 U.S.C. § 626(c)(1), (2).[2]

Defendant insists that the omission of the EEOC from the definition of "person" reflects the intent of Congress to provide a jury trial in private actions only. There is no precedent in support of this position; it is based solely upon a strict construction of the word "person."

We are not unmindful of the difficulty in discerning congressional intent, but are in full accord with the Third Circuit's observation in *EEOC v. Corry Jamestown Corporation,* 719 F.2d 1219, 1223:

A narrow construction of 7(c)(2), which focuses solely on the definition of "person" would neither foster nor fulfill Congress' objective in enacting the ADEA. The emphasis, rather, should be on whether the Commission has a right to a jury trial under 16(c) of the FLSA, since

the rights created by the ADEA are to be "enforced in accordance with the powers, remedies and procedures" of the FLSA, 29 U.S.C. 626(b).

The Third Circuit rejected categorically the contention that the 1978 amendments, providing for a jury trial when a "person" sues under 7(c) was intended to preclude jury trials when the Commission sues on behalf of an individual under FLSA 16(c) of the FLSA, as incorporated by 7(b) of the ADEA. Other courts are now unanimous to that effect. *See* cases cited in *EEOC v. Corry Jamestown Corporation,* 719 F.2d 1219, at 1223 (3rd Cir.1983).

The order of the district court striking the demand for a jury trial is REVERSED. The case is REMANDED for proceedings consistent with this opinion.

**2.** As explained in the Conference Report on these amendments, Congress included this provision to reaffirm its belief that ADEA actions should be subject to a jury trial, and specifically to clear up the ambiguity of *Lorillard* with respect to whether a jury might decide the question of liquidated damages, H.Rpt. No. 95–950, March 14, 1978 at 13–14, U.S.Code Cong. & Admin.News 1978, p. 504.