**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**FORD MOTOR COMPANY, Defendant-Appellant.**

**No. 83–1681.**

United States Court of Appeals, Tenth Circuit.

April 16, 1984.

John R. Webb of Holme, Roberts & Owen, Denver, Colo. (Michael J. Kelly, Denver, Colo., with him on the brief), for defendant-appellant.

Justine S. Lisser, Atty., E.E.O.C., Washington, D.C. (David L. Slate, Gen. Counsel, Philip B. Sklover, Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, Washington, D.C., with her on the brief), for plaintiff-appellee.

Robert E. Williams, Douglas S. McDowell and Barbara L. Neilson of McGuiness & Williams, Washington, D.C., filed a brief on behalf of amicus curiae Equal Employment Advisory Council.

Before SETH, Chief Judge, and BREITENSTEIN and McKAY, Circuit Judges.

SETH, Chief Judge.

This is an interlocutory appeal from an order of the United States District Court for the District of Colorado, 573 F.Supp. 753, denying defendant-appellant Ford Motor Company's motion to strike the Equal Employment Opportunity Commission's demand for a jury trial. The EEOC brought suit pursuant to § 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634 (ADEA), seeking injunctive relief and monetary damages for the employees adversely affected by the alleged unlawful employment practices. The EEOC requested a jury trial. The issue before this court is whether the EEOC is entitled to a jury trial in an action to enforce the ADEA pursuant to § 16(c) of the Fair Labor Standards Act (FLSA).

Section 7(b) of the ADEA (29 U.S.C. § 626(b)) provides for enforcement of the Act in accordance with the powers, remedies and procedures provided in §§ 11(b), 16(b), 16(c) and 17 of the FLSA and § 7(c) of the ADEA. The EEOC may sue on behalf of aggrieved individuals for monetary or injunctive relief under § 16(c) or § 17, respectively, of the FLSA. The EEOC's filing of a complaint on behalf of an individual cuts off that individual's right to sue on his own behalf.

In 1978, the ADEA was amended to assure the right to a jury trial in actions to enforce the ADEA. This amendment followed the Supreme Court's decision in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40, a private civil action in which the Court held that the ADEA's structure demonstrated a Congressional intent to grant the right to a jury trial even though it did not expressly provide that right.

■ Ford Motor Company asserts that the addition of § 7(c)(2) does not grant the right to a jury trial to the EEOC, because it provides the right only to "persons", and the EEOC is not a "person" as defined in § 11 of the ADEA. We agree instead with *EEOC v. Brown & Root, Inc.*, 725 F.2d 348 (5th Cir.), and the Third Circuit's decision in

*EEOC v. Corry Jamestown Corporation*, 719 F.2d 1219, which held that the EEOC is entitled to a jury trial in bringing suit on behalf of an individual. In *Corry Jamestown*, the court reasoned that since the ADEA expressly incorporates § 16(c) of the FLSA, which section allows the Commission to bring suit on behalf of an individual in a representative capacity, it was not necessary to specifically mention the EEOC in the amended § 7(c). Furthermore, the term "legal representative" included in the definition of "person" sufficiently described the role of the EEOC with respect to an individual on whose behalf it files suit. Also, the legislative history indicates that Congress' intent in adding § 7(c)(2) was to ensure that a jury could decide the question of liquidated damages. H.R.Rep. No. 950, 95th Cong., 2d Sess. 13–14, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 528, 534–35. We express no opinion on the treatment of the Seventh Amendment issue in *Corry Jamestown*.

■ Ford Motor Company asserts that the EEOC's action for back pay should be construed as an equitable suit for injunction under § 17 of the FLSA enforcing rights granted to employees under § 16 of the FLSA. However, the EEOC seeks liquidated damages, which claim has been recognized in *Lorillard*, as legal in nature, thus properly brought under § 16 of the FLSA. The joinder of legal and equitable claims does not result in the waiver of a right to jury trial on the legal claims. *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988.

For the foregoing reasons, we hold that the EEOC has a right to a jury trial in an action to enforce the ADEA pursuant to § 16(b) of the FLSA.

AFFIRMED.