EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

CHRYSLER CORPORATION, Defendant-Appellant.

No. 84–8496.

United States Court of Appeals, Eleventh Circuit.

May 8, 1985.

John R. Crenshaw, Anne S. Rampacek, Atlanta, Ga., for defendant-appellant.

F.A. Flowers, III, Birmingham, Ala., for amicus—Lloyd Noland Foundation.

Kalvin M. Grove, Chicago, Ill., for All-state—amicus.

Before KRAVITCH and HATCHETT, Circuit Judges, and WRIGHT *, Senior Circuit Judge.

WRIGHT, Senior Circuit Judge:

The issue before the court is whether the Equal Employment Opportunity Commission (EEOC) is entitled to a jury trial in an action brought by it to remedy violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. The district court denied Chrysler's motion to strike the EEOC's jury demand in this age discrimination action. We granted Chrysler's petition for interlocutory review and we affirm.

We join three other circuit courts that have held that the ADEA confers on the EEOC a statutory right to a jury trial: *EEOC v. Ford Motor Co.,* 732 F.2d 120 (10th Cir.1984); *EEOC v. Brown & Root,*

*Inc.,* 725 F.2d 348 (5th Cir.1984) (per curiam); and *EEOC v. Corry Jamestown Corp.,* 719 F.2d 1219 (3rd Cir.1983).[1] The Third Circuit went further and held that the EEOC has a right to a jury trial under the Seventh Amendment to the U.S. Constitution. The district court below relied on the Third Circuit's analysis of the statutory issue.

Congress passed the ADEA in 1967 to protect older workers against discrimination in the workplace. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. ——, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985); *see* 29 U.S.C. §§ 621(b), 623. Reorganization Plan No. 1 of 1978 transferred responsibility for administration and enforcement of the ADEA from the Labor Department to the EEOC. 43 Fed.Reg. 19807 (1978), 92 Stat. 3781.

As originally enacted, the ADEA did not specify whether jury trials were available. In *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), the Supreme Court held that there is a right to a jury trial in private actions. Subsequently, Congress amended the ADEA to expressly grant this right. Section 626 now reads, in pertinent part:

**(c) Civil actions; persons aggrieved; jurisdiction; judicial relief; termination of individual action upon commencement of action by Secretary; jury trial**

Of the lower courts to rule that the EEOC is not entitled to a jury trial, two of three were reversed on appeal. The only reported case that supports Chrysler's position is *EEOC v. Ford Motor Co.,* 529 F.Supp. 643, 644–45 (D.Colo. 1982). There, Ford's defense that the EEOC has no right to a jury trial was upheld over the EEOC's motion to strike. The court reasoned:

In the absence of a clear statutory grant of a right to a jury trial to the EEOC, defendant's fourth defense should not be stricken.

*Id.* at 645. One year later, the same court held that EEOC's jury demand in its age discrimination action against Ford would not be stricken. *EEOC v. Ford Motor Co.,* 573 F.Supp. 755, 758 (D.Colo.1983), *aff'd,* 732 F.2d 120 (10th Cir. 1984).

---

* Honorable Eugene A. Wright, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

1. With few exceptions, the district courts have reached the same result. *E.g., EEOC v. Colgate-Palmolive Co.,* 586 F.Supp. 1341, 1346 (S.D.N.Y. 1984); *EEOC v. Cudahy Foods Co.,* 588 F.Supp. 13, 14 (W.D.Wash.1983); *EEOC v. Thomas J. Lipton, Inc.,* 571 F.Supp. 535, 538 (D.N.J.1982); *EEOC v. American Bakeries Co.,* 33 Fair Empl. Prac.Cas (BNA) 862 (E.D.Mo.1982); *EEOC v. Indian River Transport Co., Inc.,* 33 Fair Empl. Prac.Cas. (BNA) 862 (M.D.Fla.1982); *EEOC v. Consolidated Edison Co.,* 33 Fair Empl.Prac.Cas. (BNA) 861 (S.D.N.Y.1981); *EEOC v. Western Electric Co., Inc.,* 33 Fair Empl.Prac.Cas. (BNA) 860 (E.D.Mich.1981); *EEOC v. Blue Star Foods, Inc.,* 22 Fair Empl.Prac.Cas. (BNA) 504 (S.D. Iowa 1980).

(1) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Commission to enforce the right of such employee under this chapter.

(2) In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.

29 U.S.C. § 626.

"Person" is defined as

one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized group of persons.

29 U.S.C. § 630(a).

The EEOC asserts that the reference to "person" in section 626(c) includes the EEOC. Chrysler argues that "person" refers only to individuals. The district court concluded that the EEOC acts as a "legal representative" when it sues under the anti-discrimination laws. Chrysler asserts that this analysis is fatally flawed because the EEOC sues "in the public interest to vindicate public rights."

Chrysler cannot avail itself of the "public interest" analysis to evade the broad sweep of the ADEA's statutory definition of a "person" entitled to trial by jury. As the Third Circuit noted in *Corry Jamestown,*

The statute's broad benefactory purpose is to allow for the compensation of individuals discriminated against by their employers because of age. A narrow construction of § 7(c)(2), which focuses solely on the definition of 'person,' would

neither foster nor fulfill Congress' objective in enacting the ADEA.

*Corry Jamestown,* 719 F.2d at 1223.

In denying the motion to strike, the district court concluded that "[i]t would be anomalous to deny the EEOC a jury trial on claims that, if brought by the employees themselves, would have been triable to a jury." Significantly, the statute bars individual actions once the EEOC commences an action in favor of the employees. *EEOC v. Eastern Airlines, Inc.,* 736 F.2d 635, 640–41 (11th Cir.1984) (ADEA bars commencement of individual actions once the EEOC sues although previously instituted private actions remain viable); 29 U.S.C. § 626(c)(1).

By its terms, the ADEA is to be "enforced in accordance with the powers, remedies and procedures" of the Fair Labor Standards Act of 1938 (FLSA). 29 U.S.C. § 626(b). In *Lorillard,* the Supreme Court held that incorporation of FLSA remedies into the ADEA included the right to trial by jury. *Lorillard,* 434 U.S. at 583, 98 S.Ct. at 871. Additionally, the Court held that Congress' inclusion of the phrase "legal relief" in the ADEA's enforcement provision evidenced a clear intent to permit jury trials. *Id.*

█ In actions under the FLSA, courts have consistently recognized a distinction between actions under § 16 and those under § 17. In *Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965), which is binding precedent in this circuit, the court held that jury trials are available in all § 16 actions, whether brought by individuals under § 16(b) or by the government under § 16(c). The court held also that the government is not entitled to a jury trial when it brings an action seeking equitable relief under § 17.[2] We see no reason to deprive the government of jury trials in ADEA actions when jury trials are available in government FLSA actions.

Chrysler's reliance on *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69

---

2. Here, the EEOC seeks back pay, liquidated damages and injunctive relief. Joinder of legal and equitable claims does not result in a waiver

of a right to jury trial on the legal claims. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962).

L.Ed.2d 548 (1981) is misplaced. As the district court noted correctly, *Lehman* involved monetary ADEA claims against the government.

Chrysler's citation to legislative history to show that the 1978 ADEA amendments purport to grant the right to a jury trial only in private suits is unavailing. Nothing in the legislative history precludes trials by jury in actions brought by the EEOC. Nor is there any suggestion that private actions should be differentiated from actions brought by the EEOC.

Because the statutory issue is dispositive, we need not reach the constitutional issue whether the Seventh Amendment provides the EEOC a right to trial by jury. *See Lorillard,* 434 U.S. at 577, 98 S.Ct. at 868; *Brown & Root,* 725 F.2d at 349. The district court's order denying Chrysler's motion to strike the EEOC's jury demand in this age discrimination action is AFFIRMED.