EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Christine Hemmings, Plaintiffs,

v.

SIZES UNLIMITED, INC. Defendant.

Civ. A. No. 88–CV–75097–DT.

United States District Court,
E.D. Michigan, S.D.

Sept. 14, 1989.

Robert K. Dawkins, and Jan Leventer, Detroit, Mich., for plaintiffs.

Ingrid K. Brey, Detroit, Mich. and Julia A. Davis, Columbus, Ohio, for defendant.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE JURY DEMAND

DUGGAN, District Judge.

The Equal Employment Opportunity Commission ("EEOC") brought this lawsuit relying, in part, on 29 U.S.C. §§ 216(c), 217.

Among other allegations, it accuses defendant of discriminating against female employees by paying such employees wages lower than their male counterparts in violation of the Equal Pay Act. This Act (hereafter the "EPA") amended the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and is codified at 29 U.S.C. § 206(d). Defendant contends that the EEOC is not entitled to a jury trial on an EPA claim, and now moves to strike the EEOC's jury demand. The Court rejects defendant's contention and, accordingly, denies the pending motion.

29 U.S.C. § 216(c)[1] provides in part:

The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title[.] ... The Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages [which in the context of this lawsuit, equal the wage differential between defendant's male and female employees, *see* 29 U.S.C. § 206(d)(3) ] or overtime compensation and an equal amount as liquidated damages.... [2]

In *E.E.O.C. v. Corry Jamestown Corp.*, 719 F.2d 1219 (3rd Cir.1983), cited by the EEOC, the court recognized such agency's right to a jury trial to enforce rights created by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, which, in turn, incorporates "the powers, remedies, and procedures of 29 U.S.C. § 216(c), quoted above. *See* 29 U.S.C. § 626(b). *Corry Jamestown, supra,* has been adopted by several circuits. *See, e.g., E.E.O.C. v. Ford Motor Co.,* 732 F.2d 120 (10th Cir.1984). Indeed, one circuit court declared that the "[o]ther courts are now unanimous". *E.E.O.C. v. Brown & Root, Inc.,* 725 F.2d 348, 350 (5th Cir.1984). Case law, then, supports this Court's conclusion that the EEOC is entitled to a jury trial on its EPA claim which, like an ADEA claim, is enforced pursuant to 29 U.S.C. § 216.

Defendant's representation that "there *is* authority denying the right to a jury trial in FLSA actions under § 16", reply brief at 3, is *misleading.* Its two citations, *Donovan v. Traveler's Trash Co. Inc.,* 599 F.Supp. 43 (E.D.N.C.1984) and *Donovan v. B.J. Barnett, Inc.,* 102 Lab.Cas. (CCH) ¶ 34,619 (D.S.C.1984) merely support the proposition (and the former only in *dicta*) that actions for *liquidated damages* under 29 U.S.C. § 216(c) are not jury actions. Here, the EEOC seeks *back pay damages* in addition to liquidated damages, the significance of which is succintly explained in *Marshall v. Morse Operations, Inc.,* 514 F.Supp. 604 (S.D.Fla.1981):

Under Section 216 trial by jury may be had on the issue of back pay. The court may then award an additional equal amount as liquidated damages. The jury determination fixes the maximum amount of liquidated damages which may be awarded by the court in the exercise of the discretion vested in it by Section 260 of the act. Although the court is not required to accept the back pay award returned by the jury, it is prohibited by the language of Section 260 from making an award of liquidated damages in excess thereof.

*Id.* at 606. See also *Brock v. Superior Care, Inc.,* 840 F.2d 1054 (2nd Cir.1988) where the court wrote:

Suits by an employee or by the Secretary for back wages under section 16 ... have been considered to be actions at law, and the employer has a right to a jury. *See Lorillard v. Pons,* 434 U.S. 575, 580 & n. 7, 98 S.Ct. 866, 870 & n. 7 [, 55 L.Ed.2d 40] (1978); *E.E.O.C. v. Corry Jamestown Corp., [supra]; Marshall v. Hanioti Hotel Corp., supra,* 490 F.Supp.

---

**1.** 29 U.S.C. § 217, the other statutory provision cited in the EEOC's complaint authorizing an EPA action, provides injunctive relief only and, thus, cannot serve as a basis for the jury demand. *See Lorillard v. Pons,* 434 U.S. 575, 580, n. 7, 98 S.Ct. 866, 870, n. 7, 55 L.Ed.2d 40 (1978). The Court's analysis, then, is limited to 29 U.S.C. § 216(c).

**2.** As noted in *E.E.O.C. v. First Citizens Bank of Billings,* 758 F.2d 397, 399–400 (9th Cir.1985), the EEOC is now vested with authority to enforce EPA violations, replacing the Secretary of Labor.

[1020] at 1023; 5 Moore's Federal Practice ¶ 38.27, at 38–220 to 38–221 (2d ed. 1986). However, since an award of liquidated damages under section 16 is within the discretion of the district judge, 29 U.S.C. § 260, no right to a jury is available on that issue. *See McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir. 1971); *Donovan v. River City Construction Co.,* 101 Lab.Cas. (CCH) ¶ 34,591 (E.D.N.C.1984). [1984 WL 3177]. The jury is required only to determine liability for and the amount of an award of back pay. The statutory scheme gives the Secretary a choice: If he wants to recover liquidated damages, he can sue under section 16(c), in which case the employer is entitled to a jury trial on the back pay award; if the Secretary prefers not to have a jury trial, he can sue for an injunction under section 17 and obtain a back pay award as an equitable remedy incidental to the injunction.

*Id.* at 1063.

In addition to the case law support provided by *Corry Jamestown,* the Court reaches its conclusion by observing that aggrieved employees are entitled to a jury trial in private EPA actions brought pursuant to 29 U.S.C. § 216(b). *See Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965) where the court stated:

> Under § 16(b) the employees may sue the employer for back pay.... Such cases are analogous to actions at law ... and, on proper demand are triable before a jury. [Citations omitted.]

*Id.* at 904, cited approvingly in *Lorillard, supra* note 1. *See also Lewis v. Times Pub. Co.,* 185 F.2d 457 (5th Cir.1950) (reversible error to refuse plaintiff's jury request); *Olearchick v. Am. Steel Foundries,* 73 F.Supp. 273 (W.D.Pa.1947). Thus, the government's decision to sue under 29 U.S.C. § 216(c) essentially on behalf of the aggrieved employees—the "real" parties in interest—ought *not* to be given the effect of defeating or destroying the right to a jury trial such employees enjoy had they, and not the EEOC, brought this suit.

Defendants, *i.e.,* employers, are also entitled to a jury trial, if requested, in suits like this one seeking back pay. *Brock v. Superior Care, supra,* at 1063. To hold, as defendant urges, that the EEOC is not entitled to a jury trial in an action under 29 U.S.C. § 216(c) when it (defendant) enjoys this right, strikes this Court as anomalous.

For the reasons stated,

IT IS ORDERED that defendant's Motion to Strike the Jury Demand is DENIED.